# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SUSIE BIGGER, on behalf of herself Individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No.: 1:17-cv-7753 |
| Plaintiffs, | ) | |
| v. | ) ) | Jury Trial Demanded |
| FACEBOOK, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT FACEBOOK, INC.'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Defendant, FACEBOOK, INC. ("Facebook") by and through its attorneys, Cozen O'Connor, and for its First Amended Answer and Affirmative Defenses to Plaintiff's Collective and Class Action Complaint ("the Complaint") states as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendant's systematic, companywide wrongful classification of Plaintiff and other similarly situated Client Solutions Managers, Customer Solutions Managers, Account Managers, or other similarly titled positions (collectively, "CSMs"), as exempt from the overtime compensation requirements of the FLSA and IMWL.

**ANSWER**: Facebook admits that Plaintiff purports to bring an action under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Facebook denies that it wrongfully classified Plaintiff or any other employees and further denies that it violated any law or committed any wrongdoing whatsoever. Facebook further denies that there are any similarly-situated employees. Except as specifically admitted, Facebook denies the allegations in paragraph 1. Facebook further denies that class or collective action is available for any putative class or

collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

2.     This action seeks to remedy Defendant's illegal practices, whereby Defendant deliberately and uniformly deprived Plaintiff and similarly-situated CSMs of earned overtime wages in violation of the FLSA and IMWL.

**ANSWER**:  Facebook admits that Plaintiff purports to bring an action under the FLSA and IMWL.  Facebook denies that it engaged in any illegal practices, that it deprived Plaintiff or any other employee of overtime or any other wages under any law, and that it violated any law or committed any wrongdoing whatsoever.  Facebook further denies that there are any employees similarly situated to Plaintiff.  Except as specifically admitted, Facebook denies the allegations in paragraph 2.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

**ANSWER**:  Facebook admits that Plaintiff is alleging, in part, violations of the FLSA, and that this Court may therefore exercise subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b).  Facebook admits that Plaintiff purportedly signed an opt-in consent form to join this lawsuit.  Except as specifically admitted, Facebook denies the allegations in paragraph 3.

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

**ANSWER**:  Facebook admits that Plaintiff is alleging, in part, violations of the FLSA, and

LEGAL\38062566\1

that this Court may therefore exercise federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331. Except as specifically admitted, Facebook denies the allegations in paragraph 4.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**:  Facebook admits that this Court may properly exercise jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Except as specifically admitted, Facebook denies the allegations in paragraph 5.

6.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

**ANSWER**:  Facebook admits that it conducts business in this District.  Facebook admits that Plaintiff alleges that at least some of the events and omissions giving rise to the claims, which Facebook specifically deny, occurred within this District.  Facebook further admits that venue is appropriate here for these reasons.  Except as specifically admitted, Facebook denies the allegations in paragraph 6.

## PARTIES

7.      Plaintiff SUSIE BIGGER is an adult citizen and resident of Illinois who worked for Defendant as a full-time salaried CSM in its Chicago office from approximately May 2013 until March 8, 2017.

**ANSWER**:  Facebook admits that Plaintiff was employed by Facebook as a full-time salaried employee in its Chicago office and that Plaintiff's employment ended March 8, 2017. Facebook further admits that Plaintiff is an adult.  Facebook lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding her current citizenship and place of residence.  Except as specifically admitted, Facebook denies the allegations in paragraph 7.

8.      During the relevant time period, SUSIE BIGGER was an "employee" of Defendant

3

as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

**ANSWER**: Facebook admits that Plaintiff was an employee of Facebook as defined by the FLSA and IMWL. Except as specifically admitted, Facebook denies the allegations in paragraph 8.

9.      At all relevant times, Defendant FACEBOOK, INC. has been a Delaware corporation with its principal place of business located at 1601 Willow Road, Menlo Park, California.

**ANSWER**: Facebook admits the allegations in paragraph 9.

10.      At all relevant times, Defendant was an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS § 115/2.

**ANSWER**: Facebook admits that it was Plaintiff's employer as defined by the FLSA and IMWL. Except as specifically admitted, Facebook denies the allegations in paragraph 10.

11.      Defendant is covered by the FLSA because it is an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendant has employees engaged in commerce and revenue that exceeds $500,000.00.

**ANSWER**: Facebook admits that it has employees engaged in commerce and revenue that exceeds $500,000. The remaining allegations in this paragraph set forth legal conclusions and questions of law to which no response is required. To the extent a response is deemed required, Facebook denies the remaining allegations in paragraph 11.

## FACTUAL ALLEGATIONS

12.      Plaintiff SUSIE BIGGER and the similarly-situated CSMs she seeks to represent, all share similar, if not identical, job descriptions, job requirements and compensation plans, among other things. CSMs' primary duties involve communicating with existing Facebook advertising customers, implementing their marketing plans, and selling Facebook marketing products and services to existing customers. A large percentage of CSMs' compensation constitutes commissions from the sale of Facebook's marketing products.

**ANSWER**: Facebook denies the allegations in paragraph 12.

13.      CSMs work on sales teams, known as "pods," with Account Executives (also

4

known as Client Partners), who engage in outside sales of marketing products to customers, and Media Solutions Managers, who handled operations-related responsibilities. On Plaintiff's information and belief, Defendant classified Media Solutions Manager as a non-exempt position.

**ANSWER**: Facebook admits that CSMs worked with Client Partners on teams known internally as "pods." Facebook admits that Client Partners engage in a variety of activities including, but not limited to, sales and promotions of marketing products. Except as specifically admitted, Facebook denies the allegations in paragraph 13.

14. On or about early 2015, Defendant reorganized its sales pod structure and eliminated the Media Solutions Manager position. As a result, Defendant assigned CSMs additional non-exempt duties that were previously assigned to Media Solutions Managers.

**ANSWER**: Facebook denies the allegations in paragraph 14.

15. CSMs regularly work inside Facebook offices or from home, and occasionally travel to meet with customers.

**ANSWER**: Facebook admits that CSMs sometimes work inside Facebook offices or from home and further admits that CSMs travel to meet customers. Except as specifically admitted, Facebook denies the allegations in paragraph 15.

16. CSMs do not perform duties related to the management or general business operations of Facebook. Rather, CSMs' duties constitute the principal production activity of Facebook as a social media and marketing platform.

**ANSWER**: Facebook denies the allegations in paragraph 16.

17. CSMs' primary duties do not involve the exercise of discretion or independent judgment with respect to matters of significance. Namely, all major strategic decisions for customers are made at the team level. CSMs must follow preestablished pricing models for Facebook products and are not permitted to deviate from the preset parameters or which products to offer without prior approval. Likewise, CSMs do not have the authority to negotiate with customers and bind Facebook on significant matters.

**ANSWER**: Facebook denies the allegations in paragraph 17.

18. Defendant classified CSMs as exempt employees under the FLSA and IMWL and did not pay them overtime wages despite working in excess of forty (40) hours in given workweeks.

**ANSWER**:  Facebook admits that it employs CSMs it classifies as exempt employees under the FLSA and IMWL and that it did not pay them overtime wages for work in excess of forty (40) hours in a given workweek.  Except as specifically admitted, Facebook denies the allegations in paragraph 18.

19.     Defendant directed CSMs to work, and they routinely did work, in excess of forty (40) hours in given workweeks, but CSMs were not compensated for overtime wages earned at a rate of one and one-half times their regular rate.

**ANSWER**:  Facebook admits that it employs exempt CSMs who are not paid overtime wages at a rate of one and one-half times their regular rate.  Except as specifically admitted, Facebook denies the allegations in paragraph 19.

20.     Defendant misclassified CSMs as exempt from overtime compensation under the FLSA and IMWL.

**ANSWER**:  Facebook denies the allegations in paragraph 20.

21.     Defendant suffered and permitted CSMs to work more than forty (40) hours per week without overtime pay.

**ANSWER**:  Facebook admits that it did not pay exempt CSMs overtime wages for work in excess of forty (40) hours in a given workweek.  Except as specifically admitted, Facebook denies the allegations in paragraph 21.

22.     Defendant did not keep accurate records of all of the hours worked by CSMs.

**ANSWER**:  Facebook admits that it does not require its exempt CSMs to track or otherwise report their hours worked.  Except as specifically admitted, Facebook denies the allegations in paragraph 22.

23.     Defendant was aware, or should have been aware, that CSMs performed non-exempt work that required payment of overtime compensation.

**ANSWER**:  Facebook denies the allegations in paragraph 23.

24.     The conduct alleged above reduced Defendant's labor and payroll costs.

**ANSWER**:  Facebook denies the allegations in paragraph 24.

25.     CSMs were uniformly subject to Defendant's employment policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and similarly-situated CSMs in accordance with the requirements of the FLSA and IMWL, Plaintiff and similarly-situated CSMs suffered lost wages and other damages.

**ANSWER**:  Facebook denies the allegations in paragraph 25.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

**ANSWER**:  Facebook admits that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b), but denies that there are any similarly-situated employees, denies that Plaintiff can represent a class or collective or that any such class or collective may be certified, denies that it violated any law or committed any wrongdoing whatsoever, and denies that Plaintiff or any other individuals are entitled to any recovery.  Except as specifically admitted, Facebook denies the allegations in paragraph 26. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

27.     Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All persons who worked for Facebook, Inc. as Client Solutions
> Managers, Customer Solutions Managers, Account Managers, or
> other similarly titled position during the applicable statute of
> limitations period, and who were classified as exempt and were not
> paid overtime compensation for time worked in excess of forty (40)
> hours in given workweeks (the "FLSA Collective").

**ANSWER**: Facebook admits that Plaintiff purports to bring this action under the FLSA,

but denies that there are any similarly-situated employees, denies that Plaintiff can represent a

class or collective or that any such class or collective may be certified, denies that it violated any

law or committed any wrongdoing whatsoever, and denies that Plaintiff or any other individuals

are entitled to any recovery. Except as specifically admitted, Facebook denies the allegations in

paragraph 27. Facebook further denies that class or collective action is available for any putative

class or collective action member who has executed an agreement with Facebook waiving the

availability of bringing or participating in any such class, collective or representative action.

28.     Plaintiff is a member of the FLSA Collective she seeks to represent because she
worked for Defendant as a CSM during the relevant period and was routinely required, suffered,
or permitted to work more than forty (40) hours per week without overtime compensation.

**ANSWER**: Facebook denies the allegations in Paragraph 28. Facebook further denies that

class or collective action is available for any putative class or collective action member who has

executed an agreement with Facebook waiving the availability of bringing or participating in any

such class, collective or representative action.

29.     This action is properly maintained as a collective action because the representative
Plaintiff is similarly situated to the members of the FLSA Collective with respect to their job titles,
job duties, and compensation plan, and are all subject to a common practice, policy, or plan in
which Defendant suffered and permitted them to perform work for its benefit in excess of forty
(40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

**ANSWER**: Facebook denies the allegations in Paragraph 29. Facebook further denies that

class or collective action is available for any putative class or collective action member who has

executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

30.     Defendant knew or should have known that it had misclassified the members of the FLSA Collective as exempt.

**ANSWER**:  Facebook denies the allegations in Paragraph 30. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

31.     Defendant knew or should have known that the members of the FLSA Collective worked in excess of forty (40) hours in given workweeks.

**ANSWER**:  Facebook denies the allegations in Paragraph 31. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

32.     Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

**ANSWER**:  Facebook denies the allegations in Paragraph 32. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

33.     Defendant is liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiff requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

**ANSWER**:  Facebook denies the allegations in Paragraph 33. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

34.     Upon information and belief, Plaintiff estimates there are approximately two hundred (200) similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

**ANSWER**:  Facebook denies the allegations in Paragraph 34. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

35.     The precise number of members of the FLSA Collective can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

**ANSWER**:  Facebook denies the allegations in Paragraph 35. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## IMWL CLASS ALLEGATIONS

36.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims for relief on her own behalf and as a representative of a class under the IMWL, 820 ILCS 105/1, et seq., to recover unpaid overtime compensation, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the IMWL.

**ANSWER**:  Facebook admits that Plaintiff purports to bring an action under the IMWL, but denies that there are any similarly-situated employees, denies that Plaintiff can represent a class or collective or that any such class or collective may be certified, denies that it violated any law or committed any wrongdoing whatsoever, and denies that Plaintiff or any other individuals are entitled to any recovery.  Except as specifically admitted, Facebook denies the allegations in paragraph 36. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

37.     Plaintiff seeks class certification under Rule 23 for the following class under the IMWL:

> All persons who worked for Facebook, Inc. as Client Solutions Managers, Customer Solutions Managers, Account Managers, or other similarly titled position in the state of Illinois during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "IMWL Class").

**ANSWER**:  Facebook admits that Plaintiff seeks class certification under Rule 23, but denies that there are any similarly-situated employees, denies that Plaintiff can represent a class or collective or that any such class or collective may be certified, denies that it violated any law or committed any wrongdoing whatsoever, and denies that Plaintiff or any other individuals are entitled to any recovery.  Except as specifically admitted, Facebook denies the allegations in paragraph 37. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

38.     This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

A.    The IMWL Class is so numerous that joinder of all members is impracticable;

B.    There are questions of law or fact that are common to the IMWL Class;

C.    The claims of Plaintiff are typical of the claims of the IMWL Class; and,

D.    Plaintiff will fairly and adequately protect the interests of the IMWL Class.

**ANSWER**:  Facebook denies the allegations in Paragraph 38. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## Numerosity

39.    Upon information and belief, Plaintiff estimates that the total number of putative IMWL Class members represents at least forty (40) individuals. The precise number of IMWL Class members can be easily ascertained using Defendant's personnel and payroll records and other records.

**ANSWER**:  Facebook denies the allegations in Paragraph 39. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## Commonality

40.    There are numerous and substantial questions of law and fact common to the IMWL Class members, including, without limitation, the following:

A.    Whether Defendant can meet its burden of proving it properly classified the members of the IMWL Class as exempt from the overtime requirements of the IMWL;

B.      Whether Defendant failed to pay the members of the IMWL Class overtime compensation for hours worked in excess of forty (40) hours per workweek as required by the IMWL;

C.      Whether Defendant failed to keep true and accurate records of the amount of time the members of the IMWL Class actually worked;

D.      Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the IMWL Class; and,

E.      The nature and extent of the class-wide injury and the appropriate measure of damages for the IMWL Class.

**ANSWER**:  Facebook denies the allegations in Paragraph 40. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

41.     Plaintiff anticipates that Defendant will raise defenses that are common to the IMWL Class.

**ANSWER**:  Facebook denies the allegations in Paragraph 41. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

### Adequacy

42.     Plaintiff will fairly and adequately protect the interests of all members of the IMWL Class, and there are no known conflicts of interest between Plaintiff and IMWL Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

**ANSWER**:  Facebook denies the allegations in Paragraph 42. Facebook further denies that class or collective action is available for any putative class or collective action member who has

LEGAL\38062566\1

executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## **Typicality**

43.     The claims asserted by the Plaintiff are typical of the IMWL Class members she seeks to represent. The Plaintiff has the same interests and suffers from the same unlawful practices as the IMWL Class members.

**ANSWER**:  Facebook denies the allegations in Paragraph 43. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

44.     Upon information and belief, there are no other IMWL Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

**ANSWER**:  Facebook lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

## **Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits**

45.     The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected IMWL Class members in the same manner: they were suffered and/or permitted to work overtime without proper overtime pay.

**ANSWER**:  Facebook denies the allegations in Paragraph 45. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any

such class, collective or representative action.

46.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

**ANSWER**:  Facebook denies the allegations in Paragraph 46. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

47.     On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER**:  Facebook denies the allegations in Paragraph 47. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.     Each of the preceding paragraphs is incorporated by reference as though fully set

forth herein.

**ANSWER**:  Facebook incorporates by reference each of its answers to the preceding allegations as though fully set forth herein.

49.     Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

**ANSWER**:  Facebook admits that it has employees engaged in commerce and it has revenue that exceeds $500,000.   The remaining allegations in this paragraph set forth legal conclusions and questions of law to which no response is required.   To the extent a response is deemed required, Facebook denies the remaining allegations in paragraph 49.

50.     Plaintiff and the members of the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

**ANSWER**:  Facebook denies the allegations in paragraph 50.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

51.     Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

**ANSWER**:  Facebook admits that, absent exemption or exception, the FLSA requires employers to pay employees at a rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.   Except as specifically admitted, Facebook denies the allegations in paragraph 51.

52.     Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

**ANSWER**:  Facebook denies the allegations in paragraph 52.  Facebook further denies that

16

class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

53.    Throughout the relevant period, Plaintiff and members of the FLSA Collective worked in excess of forty (40) hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

**ANSWER**:  Facebook admits that Plaintiff was not paid an overtime rate of one and one-half times her regularly hourly rate for hours worked in excess for forty (40) hours per week, if any.  Facebook denies that there exist any similarly-situated employees and denies that Plaintiff can represent a class or collective or that any such class or collective may be certified.  Except as specifically admitted, Facebook denies the allegations in paragraph 53. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

54.    Plaintiff and members of the FLSA Collective are not subject to any exemption.

**ANSWER**:  Facebook denies the allegations in paragraph 54.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

55.    Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collective.

**ANSWER**:  Facebook denies the allegations in paragraph 55.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any

LEGAL\38062566\1

such class, collective or representative action.

56.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER**:  Facebook denies the allegations in paragraph 56.

57.     Defendant failed to create or maintain accurate records of the time Plaintiff and the members of the FLSA Collective worked in violation of the FLSA, 29 U.S.C. § 211(c).

**ANSWER**:  Facebook denies the allegations in paragraph 57.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

58.     Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of forty (40) hours per week from which Defendant derived a direct and substantial benefit.

**ANSWER**: Facebook denies the allegations in Paragraph 58.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

59.     As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**ANSWER**:  Facebook denies the allegations in Paragraph 59.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

LEGAL\38062566\1

## COUNT II

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

60.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

**ANSWER**: Facebook incorporates by reference each of its answers to the preceding allegations as though fully set forth herein.

61.     Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

**ANSWER**: Facebook denies the allegations in paragraph 61. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

62.     Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per workweek. Section 105/12 of the IMWL provides that employers who violate the provisions of the act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

**ANSWER**: Facebook admits that, absent an exemption or exception, the IMWL requires employers to pay employees at a rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week and provides that employers who violate the provisions of the act may be liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief. Except as specifically admitted, Facebook denies the allegations in paragraph 62.

63.     Throughout the relevant period, Plaintiff and the IMWL Class members worked in excess of forty (40) hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

**ANSWER**:  Facebook admits that Plaintiff was not paid an overtime rate of one and one-half times her regular hourly rate for hours worked in excess for forty (40) hours per week, if any. Facebook denies that there exist any similarly-situated employees and denies that Plaintiff can represent a class or collective or that any such class or collective may be certified.  Except as specifically admitted, Facebook denies the allegations in paragraph 63.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

64.     Defendant required, suffered or permitted Plaintiff and the IMWL Class members to work in excess of forty (40) hours per week without overtime compensation.

**ANSWER:** Facebook denies the allegations in paragraph 64. Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

65.     Defendant engaged in a widespread pattern, policy, and practice of violating the IMWL by misclassifying Plaintiff and the IMWL Class members as "exempt" and thereby failing and refusing to pay them the overtime compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

**ANSWER**:  Facebook denies the allegations in paragraph 65.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

66.     Plaintiff and the IMWL Class members are not subject to any exemption.

**ANSWER**:  Facebook denies the allegations in paragraph 66.  Facebook further denies that class or collective action is available for any putative class or collective action member who has

executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

67.     Defendant failed to create or maintain accurate records of the time Plaintiff and the IMWL Class members worked in violation of the IMWL, 820 ILCS § 105/8.

**ANSWER**:  Facebook denies the allegations in paragraph 67.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

68.     As a result of Defendant's violations of the IMWL, Plaintiff and the IMWL Class members have suffered and will continue to suffer a loss of income and other damages.

**ANSWER**:  Facebook denies the allegations in Paragraph 68.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

69.     As a result of Defendant's unlawful conduct, it is liable to Plaintiff and the IMWL Class members for actual damages, statutory damages, and equitable relief, as well as reasonable attorneys' fees, costs, and expenses.

**ANSWER**:  Facebook denies the allegations in Paragraph 69.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SUSIE BIGGER, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

A.      Certify a collective action under Count I and designate Plaintiff as representative of all those employees similarly situated;

B.      Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses, and current (or best known) home addresses of all members of the proposed FLSA Collective;

C.      Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

D.      Certify a class action under Count II;

E.      Appoint Stephan Zouras, LLP as counsel for the IMWL Class under Rule 23(g);

F.      Declare and find that Defendant committed one or more of the following acts:

        i.      Violated the overtime provisions of the FLSA by misclassifying Plaintiff and similarly situated employees who opt-in to this action as exempt from overtime compensation;

        ii.     Willfully violated provisions of the FLSA; and

        iii.    Violated the overtime provisions of the IMWL by misclassifying Plaintiff and IMWL Class members as exempt from overtime compensation.

G.      Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA and IMWL;

H.      Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I.      Award pre-judgment interest on all compensatory damages due;

J.      Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

K.      Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

L.      Grant leave to amend to add claims under applicable state and federal laws;

M.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

N.      For such further relief as the Court deems just and equitable.

**ANSWER**:  Facebook admits that Plaintiff purports to seek the relief identified in her Prayer for Relief, but denies that it committed any violation of the law or wrongdoing, denies that there are any similarly-situated employees, and denies that Plaintiff is entitled to any relief whatsoever.  Facebook further denies that class or collective action is available for any putative class or collective action member who has executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**ANSWER**:  Facebook admits that Plaintiff purports to seek a trial by jury, but denies it committed any violation of the law or wrongdoing and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Facebook, without waiving any of the denials contained in the foregoing Answer to Plaintiff's Complaint, asserts the following defenses to the Complaint:

1.      Plaintiff's claims and those of any putative class members she purports to represent who are or were employed by Facebook are barred, in part, by the applicable statute of limitations under the FLSA and/or IMLW.

2.      Plaintiff's claims and claims of any allegedly similarly-situated employees Plaintiff purports to represent who are or were employed by Facebook are barred in whole or in part because they are or were exempt employees under the FLSA.

3.      Plaintiff's claims and claims of any allegedly similarly-situated employees Plaintiff purports to represent who are or were employed by Facebook are barred in whole or in part because they are or were exempt employees under the IMWL.

4.      Plaintiff and the purported class members who are or were employed by Facebook are not entitled to any recovery, including recovery of liquidated damages or attorneys' fees, because any alleged acts or omissions were made by Facebook in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies and Facebook did not commit any violations of law.

5.      Plaintiff and any purported putative class members who are or were employed by Facebook are not entitled to an award of liquidated damages because all actions taken by Facebook were in the exercise of good faith and Facebook had reasonable grounds for believing its actions did not violate the FLSA and/or IMWL.

6.      Plaintiff's and the purported class members' claims are barred in whole or in part by the doctrine of laches.

7.      Plaintiff's and the purported class members' substantive, class action, and collective action claims are barred on the grounds of estoppel, waiver and/or release.

8.      Plaintiff's and the purported class members' claims are barred by the doctrine of unclean hands.

9.      Plaintiff and the purported class members who are or were employed by Facebook have failed to mitigate any damages they may have suffered as a result of any alleged actions by Facebook and, as a result, their claims are barred in whole or in part.

10.      Plaintiff's claims on her own behalf and on behalf of others who are or were

LEGAL\38062566\1

employed by Facebook are barred in whole or in part because Facebook exercised reasonable care and adopted and maintained effective policies and procedures to prevent and correct promptly any violations of law in the workplace including those alleged by Plaintiff in this lawsuit, and Plaintiff as well as any individual she seeks to represent failed to utilize said policies and procedures or failed to take advantage of any preventative or corrective opportunities provided by Facebook or to otherwise avoid harm.

11.    To the extent that Plaintiff seeks, on her own behalf or on behalf of others, the imposition of multiple or duplicative recovery and/or penalties for the same basic alleged wrongs or wrongs based on a common nucleus of operative facts, said duplicative and/or multiple recoveries are barred.

12.    The amount of allegedly compensable time Plaintiff and/or any purported putative class members seek to recover for the activities described in the Complaint is *de minimis* and therefore Plaintiff and other purported putative class members are not entitled to compensation for such activities.

13.    Certain purported class / collective action members are subject to contracts mandating individualized arbitration proceedings to resolve disputes between those purported class / collective action members and Facebook, thereby precluding them from bringing this action in court.

14.    Certain purported class or collective action members have executed an agreement with Facebook waiving the availability of bringing or participating in any such class, collective or representative action and are thereby precluded from bringing or participating in this action or any class or collective action against Facebook.

15.    Facebook reserves the right to assert any additional defenses that may become

relevant or apparent through the course of discovery or otherwise during the course of this litigation.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant, Facebook, Inc., demands a trial by jury of this action.

WHEREFORE, Defendant, Facebook, Inc., prays that this Court enter judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, and awarding Defendant its costs, and for such other and further relief as this Court deems just and proper.

Dated: September 12, 2018

Respectfully submitted,

*/s/Anneliese Wermuth*
Anneliese Wermuth, ARDC No. 6270970
Jason E. Barsanti, ARDC No. 6289014
Jenny R. Goltz, ARDC No. 6290036
COZEN O'CONNOR
123 N. Wacker Drive, Ste. 1800
Chicago, Illinois  60606
312-474-7900
312-474-7898
awermuth@cozen.com
jbarsanti@cozen.com
jgoltz@cozen.com
*Counsel for Defendant Facebook, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Defendant Facebook, Inc.'s First Amended Answer and Defenses to Plaintiffs' Collective and Class Action Complaint* was electronically filed with the Clerk of Court using the CM/ECF system and served upon the attorneys shown below by transmittal of a Notice of Electronic Filing:

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
STEPHAN ZOURAS, LLP
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

Dated:  September 12, 2018.

/s/*Anneliese Wermuth*
Anneliese Wermuth