THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSIE BIGGER, on behalf of herself, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:17-cv-7753 <br><br> Judge Harry D. Leinenweber |

**PLAINTIFF'S RESPONSE TO FACEBOOK'S
NOTICE OF FILING SUPPLEMENTAL AUTHORITY**

Plaintiff Susie Bigger ("Plaintiff"), by and through their undersigned counsel, hereby submits this response to Defendant Facebook's Notice of Supplemental Authority, which was filed on February 27, 2019. (ECF No. 62.)

Facebook's Notice of Supplemental Authority attaches, as purported support for their opposition to Plaintiff's Motion for Conditional Certification as a Collective Action and Issuance of Notice Under 29 U.S.C. § 216(b) (ECF No. 45), the Fifth Circuit's recent opinion in *In Re JPMorgan Chase & Co.*, No. 18-20825, 2019 WL 758984, — F.3d — (5th Cir. Feb. 21, 2019), wherein the court of appeals held that district courts may not send notice of a collective action to employees with valid arbitration agreements. The underlying case involved a putative class of 42,000 call center employees, 35,000 (or 85%) of whom had signed binding arbitration agreements, which the plaintiffs did not contest were valid and enforceable. *Id.* at *1.

As this Court is aware, the Fifth Circuit's opinion is non-binding on this Court, and as the court of appeals recognized, federal courts nationwide "have splintered" over the issue. *Id.* at *2

(outlining three common approaches taken by district courts). Here in the Seventh Circuit, district courts have overwhelmingly permitted notice to putative opt-in plaintiffs who are subject to arbitration agreements on the rationale that that the applicability of arbitration agreements are better left to the second phase of the certification process. *See Goplin v. WeConnect, Inc.*, No. 17-cv-773-JDP, 2018 WL 6421064, at *5 (W.D. Wis. Dec. 6, 2018); *Shumate v. Genesco, Inc.*, No. 17-cv-03574-RLYMPB, 2018 WL 259942, at *4 (S.D. Ind. Jan. 2, 2018); *Montero v. JPMorgan Chase & Co.*, No. 14-cv-9053, 2017 WL 1425611, at *7 (N.D. Ill. Mar. 22, 2017); *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d 775, 783 (C.D. Ill. 2015); *cf. Garcia v. JCPenny Corp., Inc.*, No. 12-cv-3687, 2016 WL 878203, at *7 (N.D. Ill. Mar. 8, 2018) (in Rule 23 class action, the court determined that the "sensible course ... is to decide whether to certify the class without considering the possibility of arbitration and then allow JCPenney, if it so chooses, to file its motion to compel arbitration. ... If it turns out that the [class members] must arbitrate, the court can always decertify, subclassify, or otherwise alter the class later") (citations omitted); *contra Hudgins v. Total Quality Logistics, LLC*, No. 16-cv-7331, 2017 WL 514191, at *4 (N.D. Ill. Feb. 8, 2017) (limiting notice to potential collective action members who did not sign arbitration agreements).

      Facebook's supplemental authority relates to only a subset of the putative class and has no bearing on propriety of notice to the numerous putative opt-in plaintiffs who Facebook admits have not signed arbitration agreements with Facebook. Accordingly, for the reasons set forth above, and for those previously set forth in Plaintiff's briefing, Plaintiff respectfully requests that this Court grant her Motion for Conditional Certification as a Collective Action and Issuance of Notice Under 29 U.S.C. § 216(b).

Dated: March 6, 2019                                                 Respectfully Submitted,

                                                                                      */s/ Teresa M. Becvar*

Ryan F. Stephan
Teresa M. Becvar
STEPHAN ZOURAS, LLP
100 N Riverside Plaza
Suite 2150
Chicago, IL 60606
(312) 233-1550
rstephan@stephanzouras.com
tbecvar@stephanzouras.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I, the attorney, hereby certify that on March 6, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                           */s/ Teresa M. Becvar*