## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SUSIE BIGGER, on behalf of herself,** | ) | |
| **individually, and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 1:17-cv-7753** |
| | ) | |
| **v.** | ) | **Judge Harry D. Leinenweber** |
| | ) | |
| **FACEBOOK, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### FACEBOOK'S EMERGENCY MOTION FOR STAY AND
### MOTION TO CERTIFY §1292(B) INTERLOCUTORY APPEAL

Defendant Facebook, Inc. ("Facebook"), by and through its undersigned attorneys, files this Emergency Motion for Stay and Motion to Certify §1292(b) Interlocutory Appeal. In support thereof, Facebook states as follows:

### INTRODUCTION

Facebook seeks certification of this Court's March 22, 2019 Order for interlocutory appeal because the Order involves a time-sensitive, critical and controlling question of law for which there is substantial grounds for difference of opinion: whether district courts have discretion to order that notice of a pending FLSA collective action be sent to employees who, the preponderance of evidence shows, are unable to join because they are parties to binding arbitration agreements with collective action waivers. Facebook contends that ordering such notice exceeds the district court's authority under the Fair Labor Standards Act (FLSA), Federal Arbitration Act (FAA), and the United States Supreme Court's holding in *Hoffman-LaRoche Inc.*

*v. Sperling.* 493 U.S. 165, 169 (1989). Certifying the Order for appeal will materially advance the ultimate termination of the litigation. Facebook also asks the Court to stay its March 22, 2019 Order pending resolution of this question on appeal to prevent the irreparable harm that will result if notice is sent to individuals who cannot participate.

On March 22, 2019, the Court granted Plaintiff's Motion for Conditional Certification as a Collective Action and Issuance of Notice Under 29 U.S.C. §216(b), and approved notice to the putative class members. Critically, the Court ordered that notice can be sent to individuals regardless of whether the recipient has entered into a binding arbitration agreement with a collective action waiver.[1] Based on data currently available, more than 56% of the conditionally certified class are current and former employees of Facebook who entered into arbitration agreements with collective action waivers. If notice is issued per the Court's Order, those individuals will be misled and solicited to join in a collective action, despite the fact that the preponderance of evidence (indeed *all* of the evidence) shows they are precluded from participating as a matter of law.

The question of whether arbitration agreements like those in this case are enforceable has recently been answered affirmatively by the United States Supreme Court in *Epic Systems Corp. v. Lewis.* 138 S. Ct. 1612, 200 L. Ed. 2d 889 (2018). Last month, in the wake of that ruling, the Fifth Circuit Court of Appeals (the first and, thus far, the only federal circuit court to address this issue) held that a district court does not have discretion to issue notice to employees who, the preponderance of evidence shows, are parties to binding arbitration agreements. *In re JPMorgan Chase & Co.,* 916 F.3d 494, 502 (5th Cir. 2019) (attached hereto as Exhibit 2). Further

---

[1] Motion at Dkt. 45, and Memorandum Opinion and Order ("Order") at Dkt. 64. The Order is attached hereto as Exhibit 1.

emanating from the Supreme Court's *Epic Systems* pronouncement, and specifically citing to *In Re JPMorgan Chase & Company*, one sister court in the Northern District of Illinois just last week declined to order notice to go to putative FLSA collective action members with arbitration agreements. *Dietrich v. C.H. Robinson Worldwide, Inc.,* 18-C-4871, (N.D.Ill. Mar. 20, 2019) (Guzman, J.) (attached hereto as Exhibit 3).

Whether a district court exceeds its authority by allowing notice to be sent to employees who have entered into presumptively valid arbitration agreements with collective action waivers is an important and unsettled question of first impression in this Circuit that warrants immediate resolution by an intermediate court. This is echoed in this Court's own acknowledgment of the tension between the Supreme Court's pronouncement in *Epic Systems* of the liberal federal policy in favor of arbitration agreements (including those with collective action waivers) and the "modest factual showing" required for conditional certification of a collective action under 29 U.S. Code § 216. (Order at pp. 29-30.)

Indeed, the disparate rulings in *Dietrich* and the instant case within two days of each other, makes clear that there is substantial uncertainty within the Northern District of Illinois. Furthermore, once the proposed notice is issued (which could be as early as April 2, 2019), neither Facebook nor the Court can un-ring the bell, and Plaintiff will have successfully "stirred up" litigation that has no possibility of staying in this Court. For the reasons stated herein, Facebook respectfully requests that this court certify its order for immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b) and stay the proceedings pending resolution by the Seventh Circuit.

**ARGUMENT**

I.      **The Court Should Certify the Question for Interlocutory Appeal Under §1292(b)**

"A District Court may certify an otherwise non-appealable order for interlocutory appeal if the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from that order may materially advance the ultimate termination of the litigation.'" *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) (quoting 28 U.S.C. § 1292(b).) When the statutory criteria are met, as they are here, the district court has a duty to allow the appeal. *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.,* 219 F.3d 674, 677 (7th Cir. 2000). The Supreme Court has acknowledged the need for immediate interlocutory review under §1292 under similar circumstances. *Hoffman-La Roche*, 493 U.S. at 485-86 (deciding question whether and to what extent district courts could facilitate notice to potential participants in collective action on interlocutory appeal).

A.      **The Conditional Certification Order is Based on an Unsettled and Complex Controlling Issue of Law As to Which There is a Substantial Difference of Opinion**

1.      **The Question Presented is An Issue of Law**

Whether, under the FAA, FLSA and *Hoffman-LaRoche,* the district court has discretion to order notice be sent to putative class members who have entered into presumptively enforceable arbitration agreements is a pure question of law, meaning it "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine..." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

There are two critical U.S. Supreme Court decisions that must be read together to resolve this legal question.   In *Hoffman-LaRoche,* the Supreme Court limited the district court's discretion to facilitate § 216 notice to only those persons who will be **eligible** to participate in the

4

pending suit ("potential plaintiffs"). *Hoffmann-La Roche*, 493 U.S. at 169 ("… district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) … by facilitating notice to *potential plaintiffs*.") (Emphasis added). Notice that facilitates the joinder of additional plaintiffs in a single collective action "serves the legitimate goal of avoiding a multiplicity of duplicative suits[.]" *Id.,* at 172. Under *Epic Systems Corp. v. Lewis,* 138 S. Ct. 1612 (2018) and the FAA, arbitration agreements with collective action waivers are presumptively valid. Therefore, absent evidence to the contrary, the agreements should be enforced. Here, there is absolutely no evidence that the agreements are unenforceable.

Providing notice to individuals who have no ability to join this lawsuit cannot advance the purpose of Section 216 because those individuals are not *potential plaintiffs*. Facebook contends that a district court would exceed its authority by allowing such notice to go out and deferring a decision on enforceability until some later stage.

To date, the only federal circuit court to weigh in on this issue – the Fifth Circuit in *In Re JPMorgan* – found that the district court *does not* have discretion to issue notice of a pending FLSA collective action to individuals who, the preponderance of evidence showed, had signed binding arbitration agreements with class/collective action waivers. The court noted that, under *Hoffman-La Roche,* the district court's discretion to issue notice is not unbridled, and is limited to potential *plaintiffs*:

> *Hoffmann-La Roche* confines district courts' notice-sending authority to notifying potential plaintiffs … and it nowhere suggests that employees have a right to receive notice of potential FLSA claims… [T]he purpose of giving discretion to facilitate notice is because of the need for "efficient resolution in one proceeding of common issues." *Id*. at 170, 172–73, 110 S.Ct. 482. Notifying Arbitration Employees reaches into disputes beyond the "one proceeding." And alerting those who cannot ultimately participate in the collective "merely stirs up litigation," which is what *Hoffmann-La Roche* flatly proscribes. *Id.* at 174, 110 S. Ct. 482.

*In re JPMorgan Chase & Co.*, 916 F.3d at 501-502 (footnotes omitted).

Employees who have entered into enforceable arbitration agreements and collective action waivers are not "potential plaintiffs" because they are unable to join the action. Under *Hoffman-LaRoche,* then, this is not an issue for the merits or decertification stages, the Court must, *at the conditional certification stage*, prevent "stirring up" litigation from those who cannot ultimately participate. Thus, the Fifth Circuit ultimately held that "[w]here a preponderance of the evidence shows that the employee has entered into a valid arbitration agreement, it is error for a district court to order notice to be sent to that employee as part of any sort of certification." *In re JPMorgan Chase & Co.,* 916 F.3d at 503. Facebook contends that was the correct result and that the Seventh Circuit should adopt this approach.

In short, Facebook will ask the Seventh Circuit to examine and weigh in on the complex interaction between statutory law – the FAA and the FLSA – and Supreme Court law in *Hoffman La-Roche* and *Epic Systems,* and to instruct district courts that collective action waivers are presumptively valid absent evidence to the contrary, that this can and should be determined at the conditional certification stage, and that it is error to send notice to individuals who have entered into such agreements where the preponderance of the evidence shows they are enforceable. This is an obvious question of law that can and should be resolved on interlocutory appeal under Section 1292(b).

### 2. The Question Is Directly Controlling

Under Section 1292(b), a question is controlling if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). To be controlling, there must generally be "'a difficult central question of law which is not settled by controlling

6

authority."' *Resolution Tr. Corp. v. Gravee*, 94 C 4589, 1995 WL 678518, at *1 (N.D. Ill. Nov. 7, 1995) (internal quotation omitted).

Resolution of the complex question is controlling on this very case because the preponderance, if not *all* of the evidence shows that the arbitration agreements are enforceable. Thus, if the Seventh Circuit agrees with the Fifth Circuit, notice should not go out to individuals who have entered into collective action waiver agreements. Indeed, here, the **only** evidence before the Court bearing on the arbitration agreements is the declaration of Facebook's authorized representative, Nicolle Hickman, establishing the existence, authenticity, and *prima facie* enforceability of the arbitration agreements at issue. *See* Dkt. 54 – 54.2 (attached hereto as Exhibit 4). Plaintiffs introduced no evidence to rebut this. Therefore, the **entire** weight of evidence (not just a preponderance) leads inexorably to this conclusion. In such circumstances, under *Hoffmann-La Roche* and *Epic Systems*, notice to individuals with valid arbitration provisions and collective action waivers is improper and the Fifth Circuit held in *In Re JPMorgan*.

Facebook attempted to raise this issue early in the litigation by seeking leave to assert a counterclaim for a declaration that the agreements existed and were enforceable.[2] *See* Dkt. 27. At the hearing on Facebook's Motion for Leave to assert that counterclaim, both the Court and Plaintiff's counsel asserted that the appropriate time to address the enforceability of these agreements was at the conditional certification stage. (Dkt. 54.2, Transcript of Proceedings, August 30, 2018, at pp. 4:8-5:22 ("8/30/18 Hearing Tr.") (attached hereto as Exhibit 5).When

---

[2] This approach would have obviated this Court's concern that it cannot address the enforceability of the arbitration agreements because there is no party to this action with such an agreement. Regardless, the Fifth Circuit had no hesitation in refusing to send notice to individuals who were not parties to the litigation but were parties to the arbitration agreements.

7

Facebook did just that, Plaintiff punted on the issue, taking the new position that it should be decided still later in the proceeding. But Plaintiff did *nothing* to show that the agreements were unenforceable—and certainly did not introduce any evidence to support that position. *See* Dkt. 55.

Nevertheless, in ruling on Plaintiff's Motion to Certify (Dkt. 45), and ordering notice to the arbitration employees, the Court effectively treated the arbitration agreements as invalid[3] without reference to any evidence. Dkt. 64 at p. 32. This conflicts with the FAA because courts must treat arbitration agreements as valid and enforceable and cannot overlook them based on speculation that enforceability might at some point be challenged at some later date.

Nor are there any meaningful distinguishing characteristics between this case and *In re JPMorgan* that would render the Fifth Circuit's ruling inapposite here. The fact that Facebook has not sought to compel arbitration is irrelevant. Just like in this case, in *In Re JPMorgan* the employer had not moved to compel arbitration. *In re JPMorgan Chase & Co.*, 916 F.3d at n.3. Indeed, the Fifth Circuit specifically noted that the absence of such a motion was immaterial where, as here, the record lacked evidence to show that the agreements are *unenforceable*.[4] *Id.*

---

[3] Which is the opposite of what the Supreme Court instructed in *Epic Systems,* i.e., that such agreements are favored under the FAA and should be presumed valid. In reaching its conclusion, the Court cited a number of decisions, all but one of which pre-date *Epic Systems*. The only post-*Epic Systems* case referenced by the Court, *Weckesser v. Knight Enterprises S.E., LLC*, held that the question of enforceability should be addressed via motion to compel following notice and joinder of the arbitration employees. 2:16-CV-02053-RMG, 2018 WL 4087931, at *2-3 (D.S.C. Aug. 27, 2018). However, this conclusion was flatly rejected by the Fifth Circuit. *In re JPMorgan Chase & Co.*, 916 F.3d at n.19.

[4] While the district court in *In re JPMorgan* was troubled by the prospect that some absent putative member could theoretically seek to challenge the enforceability of his or her individual arbitration agreement, the Fifth Circuit ruled that the lack of evidence of unenforceability of the agreements was sufficient to restrict those individuals from receiving notice.

### 3.     There is a Substantial Difference of Opinion On This Question

As this Court acknowledged in its March 22 Order, there is an inherent tension between the Supreme Court's pronouncement, reiterated in *Epic Systems,* of the liberal federal policy under the FAA in favor of enforcing arbitration agreements, and the "modest factual showing" required for conditional certification of a collective action under 29 U.S. Code § 216. Order at pp. 29-30. As a result of this tension, courts have ruled inconsistently on the question of whether notice may go out to individuals with class/collective action waivers, and the Seventh Circuit has not yet weighed in.[5]

Whereas some judges have held, prior to the Supreme Court's decision in *Epic Systems*, that enforceability of those agreements should be addressed at the decertification stage and/or at the merits stage, *see, e.g., Montero v. JPMorgan Chase & Co.,* 14 CV 9053, 2017 WL 1425611, at *7 (N.D. Ill. Mar. 22, 2017); *Woods v. Club 5 Cabaret, Inc.*, 140 F. Supp. 3d 775, 783 (C.D. Ill. 2015), others have expressly prohibited notice to those with arbitration agreements. *See, e.g.*, *Hudgins v. Total Quality Logistics, LLC*, 16 C 7331, 2017 WL 514191, at *4 (N.D. Ill. Feb. 8, 2017); *Dietrich v. C.H. Robinson Worldwide, Inc.,* 18-C-4871, (N.D. Ill. Mar. 20, 2019).

Shortly after the Fifth Circuit's decision in *In re JPMorgan*, and just two days before this Court's Order, Judge Guzman of this district agreed with the Fifth Circuit's reasoning and denied collective certification,[6] noting that this approach "will not only advance [the court's] obligations

---

[5] The frequency with which courts encounter this issue has been increasing dramatically in recent years, further demonstrating the need for resolution of this issue. *See In re JPMorgan Chase & Co.*, 916 F.3d at n.5 ("Federal district courts, in at least 210 decisions, have wrestled with the applicability of arbitration agreements at the conditional-certification stage of FLSA suits. But only six of those decisions issued before 2009; ninety-nine were in the past three years.").

[6] The court denied the motion without prejudice and instructed the Plaintiff to file a statement indicating whether she was willing to eliminate from the proposed collective action definition, those employees who signed arbitration agreements and renew her motion. If she is not so willing, CH Robinson must file a

9

to properly and efficiently facilitate notice in this proposed collective action [] but also to be eminently reasonable." *Dietrich,* 18-C-4871, (N.D.Ill. Mar. 20, 2019). This is consistent with other prior authority in this jurisdiction, specifically *Hudgins,* in which Judge Kennelly noted "[i]t does not make sense to notify so many people about a lawsuit that they almost certainly are unable to join; this would constitute a waste of resources and would risk misleading those individuals into thinking they will be able to join the lawsuit." 2017 WL 514191, at *4.

Further, this Court's conclusion that the "the enforceability of arbitration contracts must be adjudicated on the merits, and the Court 'does not make merits determinations' at the conditional certification stage[,]" Dkt. 64 at 31, is a proposition that was squarely rejected in *In Re JPMorgan* and is inconsistent with *Hoffman-LaRoche*:

> Because *Hoffmann-La Roche* strictly forbids district courts from appearing to endorse the merits of the litigation by means of facilitating notice, those district courts conclude that the existence of arbitration agreements—as a merits-based issue—must not be addressed until the decertification stage… Though some district courts have read the *Lusardi* framework as encouraging courts to wait until stage two to consider the existence of arbitration agreements, we hold that district courts may not send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action.

*In re JPMorgan Chase & Co.*, 916 F.3d at 501. Put another way, there is legal uncertainty about whether the enforceability of an arbitration agreement involves a "merits based" inquiry (Facebook contends that it does not for the reasons set forth above).

In short, whether a district court has discretion allow notice to be sent to individuals who have entered into valid arbitration agreements and collective action waivers, as established by the preponderance of the evidence, is a complex issue of law fraught with considerable differences

---

statement as to whether it will invoke the arbitration provisions in the relevant employees' agreements. The court will then issue an order as to how it intends to proceed.

in opinion in this very jurisdiction that must be resolved by the Seventh Circuit.

**B.    Immediate Appeal Will Advance the Litigation**

Resolution of the question will invariably, and substantially, advance the course of the litigation. If Plaintiff is permitted to proceed with the proposed notice, xx% of current and former employees will be misinformed that they may join in a FLSA collective action in which they have no hope of actually participating. In that regard, the proposed notice is patently misleading, with no disclaimer that these individuals' arbitration agreements likely preclude their participation in this case. After those arbitration employees opt in to the matter, as the Court acknowledged, the next step would be for Facebook to go through the unnecessary and significant effort of seeking dismissal of those futile claims. Alternatively, if notice is limited to only those employees who have not executed arbitration agreements, the decertification stage will be streamlined, and likely not require consideration of these arbitration agreements at all – meaning a greatly reduced burden on both the Court and the parties. Thus, resolution of this issue is likely to also hasten and greatly simplify the resolution of the case.

Having established each of the statutory requirements under to 28 U.S.C. §1292, Facebook requests that this court certify the conditional certification order for immediate interlocutory appeal to Seventh Circuit Court of Appeals.

**II.    There is a Viable Basis for a Writ of Mandamus**

If, in the event the Court denies this Motion for interlocutory appeal, Facebook intends to petition the Seventh Circuit for a writ of mandamus. The Supreme Court recognizes use the writ procedure as a device to "settle new and important problems" that may otherwise not be reviewed expeditiously. *Schlagenhauf v. Holder*, 379 U.S. 104, 111 (1964); 16 Charles Alan

Wright et al., FEDERAL PRACTICE & PROCEDURE §3934.1 (3d ed. 2007). For the reasons set forth herein, Facebook has a good faith basis for seeking such a writ.

**III.** **The Court Should Stay the Order While Facebook Pursues Appellate Relief**

Facebook respectfully requests that this Court enter an emergency stay of its March 22, 2019 Order directing it to disclose names and contact information of putative class members and directing Plaintiff to issue the approved Notice, while it seeks appellate relief from the Seventh Circuit on this question of first impression. Without a stay, any review of the order will become moot when Facebook produces the contact information for each putative plaintiff on April 2, 2019 allowing notice to be distributed.[7]

A motion for discretionary stay pending appeal is evaluated under a four-part test. Specifically, a movant must show: (1) it is likely to succeed on the merits; (2) that the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Hinrichs v. Bosma,* 440 F.3d 393, 396 (7th Cir. 2006); *Harrington v. Heavey*, No. 04 C 5991, 2007 WL 257681, at *1 (N.D. Ill. Jan. 23, 2007).

The movant need not demonstrate that that it will probably win on appeal; rather, it must only show that it has a substantial case on the merits. *See Harrington,* 2007 WL 257681, *1. The Seventh Circuit has indicated that the "significant probability of success on the merits" test, as articulated by the Supreme Court in *Hilton v. Braunskill,* 481 U.S. 770, 776, and the "reasonable likelihood of success on the merits" standard for other kinds of stays, are "similar." *Hinrichs v.*

---

[7] Even if this Court certifies an interlocutory appeal, the proceedings in the district court are not automatically stayed. *See* 28 U.S.C. § 1292(b).

12

*Bosma,* 440 F.3d 393, 396 (7th Cir. 2006). Courts have stayed orders pending interlocutory appeal even where "the court is unwilling to say that the [appellant's] chances on appeal are strong," if it can be said that the chances are "better than negligible," particularly in close cases. *Lewis v. City of Chicago*, No. 98 C 5596, 2007 WL 1686975, at *2 (N.D. Ill. June 7, 2007).

Here Facebook has a substantial likelihood of success on the merits. As explained in Section I.A. above, the Fifth Circuit is the **only** appellate court to have addressed the question presented here, and its holding supports Facebook's position on this issue. Moreover, following the Fifth Circuit's rationale, a mere two days before this Court's ruling, another district court judge in this very jurisdiction refused to allow notice to putative FLSA collective members with collective action waiver agreements. *Dietrich,* 18-C-4871, (N.D.Ill. Mar. 20, 2019). Where the most recent authority on this question, including as recently as last week from a fellow district court, supports Facebook's position that notice should not go to potential opt-in plaintiffs who have entered into arbitration agreements with collective action waivers, there is certainly a "better than negligible" chance that the Seventh Circuit will agree and that Facebook will ultimately be successful on appeal.

Facebook is also likely to be successful on appeal because, as explained in Section IA.2. above, Facebook has shown by a preponderance of the evidence that its arbitration agreements and collective action waivers are enforceable and, thus, employees who entered into such agreements have no ability to participate in this case. Plaintiff did not even attempt to dispute that the agreements are enforceable, or that the collective includes individuals who have entered into such agreements.

Further, irreparable injury will occur if a stay is not granted. Under this Court's Order, on April 2, Facebook must provide Plaintiff's counsel with contact information for potential

13

plaintiffs, facilitating notice to hundreds of people and more than 56% of the collective whom, Facebook contends, cannot join the lawsuit. There is no way to un-ring that bell or "un-notify" individuals about the lawsuit. In other words, if Facebook is correct that sending the notice to individuals who have signed arbitration agreements is erroneous, then there is no way to cure that harm after notice is sent. Further, sending notice to such individuals would render Facebook's appeal moot because the purpose of the appeal is to prevent notice from going out erroneously. But absent a stay, even if Facebook prevails on its appeal, notice will have gone out and numerous individuals will have received misleading notice of their nonexistent ability to participate in the case. This alone constitutes irreparable harm and warrants a stay of the Court's March 22 Order. *See, e.g., In re Edgewater Walk Apartments*, No. 92 B 22023, 1993 WL 226427, at *2 (N.D. Ill. June 24, 1993) (irreparable injury shown where issues on appeal would be rendered moot absent a stay).

On the other hand, Plaintiff will not be injured by a delay while Facebook seeks appellate relief. Facebook agrees that any individual statutes of limitations will be tolled while a stay is in place. Moreover, the public also has an interest in obtaining clarity on the interaction between two important statutes: the FLSA and the FAA, and the circumstances under which notice is required where potential opt-ins to a collective action have signed waivers of their ability to participate in such a lawsuit.

Thus, the balance of equities weighs in favor of granting a stay while Facebook seeks appellate relief, whether under § 1292(b) or by pursuing a writ of mandamus.

14

## CONCLUSION & PRAYER

WHEREFORE, Defendant Facebook, Inc. respectfully requests that this Court grant its motion for certification of an interlocutory appeal pursuant to §1292(b), and grant an immediate stay of the Order while Facebook seeks relief in the Seventh Circuit.

Respectfully submitted,

By: */s/ Anneliese Wermuth*
        One of the Attorneys for Defendant,
        Facebook, Inc.

Anneliese Wermuth, ARDC No. 6270970
Jason E. Barsanti, ARDC No. 6289014
Jenny R. Goltz, ARDC No. 6290036
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
312-474-7900
312-474-7898
awermuth@cozen.com
jbarsanti@cozen.com
jgoltz@cozen.com
*Counsel for Defendant Facebook, Inc.*

15

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing *Emergency Motion for Stay and Motion to Certify §1292(B) Interlocutory Appeal* was electronically filed with the Clerk of Court using the CM/ECF system and served upon the attorneys shown below by transmittal of a Notice of Electronic Filing:

> Ryan F. Stephan
> James B. Zouras
> Teresa M. Becvar
> STEPHAN ZOURAS, LLP
> 100 N. Riverside Plaza, Ste. 2150
> Chicago, IL 60606
> rstephan@stephanzouras.com
> jzouras@stephanzouras.com
> tbecvar@stephanzouras.com

This 29th day of March, 2019.

> /s/ Anneliese Wermuth
> Anneliese Wermuth