THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSIE BIGGER, on behalf of herself, individually, and on behalf of all others similarly situated, </br></br>  Plaintiffs, </br></br> v. </br></br> FACEBOOK, INC., </br></br>  Defendant. | Case No. 1:17-cv-7753 </br></br> Judge Harry D. Leinenweber |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO FACEBOOK'S
CORRECTED EMERGENCY MOTION FOR STAY AND
MOTION TO CERTIFY §1292(B) INTERLOCUTORY APPEAL**

**I.     INTRODUCTION**

Facebook's motion seeks to certify an issue for interlocutory appeal that is not dispositive of any of the claims in the litigation, is temporary and subject to further review by this Court, and is highly discretionary. The proper scope of notice to potential members of an FLSA collective action is typically disputed by the parties and may often result in notice issuing to individuals who the Court ultimately, after discovery is complete and on a fuller record, determines are not similarly situated to the named plaintiff. This ordinary situation is built into the two-step process district courts follow for determining whether an FLSA lawsuit should proceed as a collective action. (*See* ECF No. 64 at 27-28.) Because decisions on conditional certification are not dispositive and may be later revisited on a motion to decertify the collective, interlocutory appeal only serves to cause delay and fails to materially advance the litigation as a whole. Accordingly, courts routinely decline to certify orders conditionally certifying FLSA collective actions for interlocutory review, and at least two federal circuits have held that they lack jurisdiction to review conditional

certification orders prior to final judgment. This Court should follow every court to consider the issue and deny Facebook's motion in its entirety.

## II. ARGUMENT

### A. Facebook Cannot Satisfy the Statutory Criteria for the Exceptional Remedy of Interlocutory Review.

Federal litigants normally must wait for a final judgment before they can bring a matter to the court of appeals. *See* 28 U.S.C. § 1291. Interlocutory appeals are highly disfavored narrow exceptions to the final judgment rule and are limited only to "exceptional cases" in which an appellate decision "may obviate the need for protracted and expensive litigation and, accordingly, should not be used indiscriminately for ordinary litigation." *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985). Section 1292(b) presents four requisite statutory criteria for an interlocutory appeal: "there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). All of these criteria must be satisfied before a district court may certify an order for immediate appellate review. *Id.* at 676. Moreover, district court judges have broad discretion to deny certification even where the statutory criteria are met. *Jing Fang Luo v. Panarium Kissena Inc.*, No. 15-cv-3642WFKSLT, 2017 WL 10439589, at *1 (E.D.N.Y. July 21, 2017); *also Alverson v. BL Rest. Operations LLC*, No. 516-cv-00849OLGRBF, 2018 WL 1618341, at *4 (W.D. Tex. Apr. 3, 2018) ("Ultimately, § 1292(b) involves a discretionary call by a district court about whether a relatively discrete, important, and usually case-dispositive issue is presented for appeal such that permitting an out-of-the-ordinary immediate appeal is better and more efficient overall, not just for the party requesting the appeal."). Facebook's motion fails to meet the criteria for § 1292(b) certification.

1. **Facebook Does Not Present a Controlling Question of Law.**

The Court's decision to conditionally certify a class that includes employees with arbitration agreements does not present a controlling question of law because conditional certification is a *temporary* and *discretionary* decision based on *the facts and circumstances* of the case and may be later revisited on a motion to decertify the collective.

A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, No. 88-cv-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (unpublished opinion). A question of law is not controlling if litigation will "necessarily continue regardless of how that question [is] decided." *N.C. ex rel. Howes v. W.R. Peele Sr. Trust*, 889 F. Supp. 849, 853 (E.D.N.C. 1995). Cases which are appropriate for certification under § 1292(b) involve questions of "'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarl in v. Conseco Servs., LLC,* 381 F.3d 1251, 1258 (11th Cir.2004) (quoting *Ahrenholz,* 219 F.3d at 677).

Defendant has failed to cite any cases, in Seventh Circuit or otherwise, in which courts hold that the scope of notice to potential members of a collective action is a controlling question of law because no such cases exist. In fact, all courts who have considered the issue have held that an order conditionally certifying an FLSA collective is inappropriate for interlocutory review.[1] Where, as here, a court's decision is conditional, not dispositive of any issue in the case, and may

---

[1] Even in *In re JPMorgan Chase & Co.*, where the Fifth Circuit recently held that notice should not issue to employees who are subject to valid arbitration agreements, the district court denied Chase's motion to certify its conditional certification order for interlocutory appeal under § 1292(b). 916 F.3d 494, 498 (5th Cir. 2019). The Fifth Circuit reached the issue on a consideration of a writ of mandamus and held that, though the district court erred in ordering notice to arbitration employees, it's error did not warrant issuance of a writ of mandamus, which requires "clear abuse[] of discretion that produce[s] patently erroneous results." *Id.* at 504.

3

be altered or amended before decision on the merits, the decision is not a controlling question of law subject to review under § 1292(b). *Pereira v. Foot Locker, Inc.*, No. 07-cv-2157, 2010 WL 300027, at *4 (E.D. Pa. Jan. 25, 2010). Accordingly, at least two federal circuits have held that orders conditionally certifying an FLSA collective action are inappropriate for interlocutory review. *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 549 (6th Cir. 2006) ("We adopt the approach of the Fifth Circuit. We hold that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable.") In *Comer*, Wal-Mart argued, as Facebook does here, that the district court's order conditionally certifying the class would have the irrevocable effect of notifying hundreds current and former employees of the lawsuit and their rights under FLSA. *Id.* at 548. Though the Sixth Circuit agreed that these employees "can not be 'de-noticed' at a later date," it ultimately concluded that the "true disputed issue is ultimately the size and nature of the representative group" – a decision that was explicitly temporary, conditional, and not dispositive, and therefore not appropriate for interlocutory appellate review. *Id.* at 548-49.

In *Comer*, the district court wrote explicitly that it would review its decision following further discovery. *Id.* at 548. This Court likewise noted that it "will determine whether to exclude CSMs who signed arbitration agreements at the close of discovery, when it can properly analyze the validity of the arbitration agreements to which the opt-in plaintiffs may be a party. At that time, Facebook may move to decertify the case or divide the class into subclasses. Nothing in this Opinion should be construed as affecting Facebook's ability to seek dismissal, prior to the second stage of the two-part inquiry, of the claims of any plaintiffs with valid arbitration agreements who join the action." (ECF No. 64 at 33) (citations omitted). The Court thus will have the opportunity to conduct a review of its decision granting conditional collective certification at the decertification stage. *Id.* at 27-28 (at the second stage the court must "reevaluate the conditional certification to

4

determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis") (quoting *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010)); *see also Ellerd v. Cnty. of L.A.*, No. 08-cv-4289, 2009 WL 3462179, at *6 (C.D. Cal. Oct. 22, 2009) ("The Court finds that the requirements for certification of an interlocutory appeal pursuant to 29 U.S.C. 1292(b) are not met here, because the Court applied a clear, "lenient" standard to provisionally certify the collective action, and defendant may move for decertification upon the completion of discovery.") Appellate review is not warranted.

In addition to being temporary and provisional in nature, the order conditionally certifying the class does not involve a "question of law" because it is a discretionary decision based on the facts and circumstances of this case. District courts have broad discretion to determine the scope and conditions of notice to potential members of a collective action brought under the FLSA. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). A legal question of the type envisioned in § 1292(b) does not include matters within the discretion of the trial court. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Rather, "[i]nterlocutory appeals are intended for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Neff v. U.S. Xpress, Inc.*, No. 2:10-CV-948, 2013 WL 5947177, at *2 (S.D. Ohio Nov. 6, 2013) (internal quotation omitted). Thus, an appeal presenting a mixed question of law and fact does not meet this standard. *Id.*

Here, the Court decided not to rule on the validity of Facebook's arbitration agreements based on the specific facts and circumstances of this case. Namely, the Court held that it could not properly analyze the validity of the arbitration agreements because (1) the Named Plaintiff did not

5

sign an arbitration agreement, and thus determining the validity would require an advisory opinion on agreements between Facebook and third parties not before the Court; and (2) the Court had insufficient information to judge the validity of the agreements because the parties did not brief which state law applies and there were at least two different arbitration agreements that could apply. (ECF No. 64 at 30-33.)

Facebook confuses disagreement as to the state of controlling law with the application of controlling law to this case's unique set of facts.[2] Facebook seeks a determination that the Court's order was issued in error, and constituted an abuse of discretion, considering the evidence that has been submitted. In other words, Facebook seeks appellate court review of whether the trial court's conditional certification was proper under the given circumstances. To determine whether the Court abused its discretion regarding the scope of the conditional certification, the Seventh Circuit would need to delve into the facts of this case. Thus, the issue Facebook seeks to certify does not present a pure question of law, and Facebook's motion should be denied.

### 2. Appeal Would Not Materially Advance the Litigation.

An interlocutory appeal is favored only where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens and expense, *i.e.*, where it would "speed up" the litigation. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000). As recognized by this Court, Facebook will have every opportunity to challenge certification at the second stage and seek dismissal of opt-in plaintiffs with valid arbitration agreements. Simply put, Facebook has an opportunity in *this* Court to file a motion that may grant it the relief it seeks at a later date.

---

[2] In contrast to the circumstances present here, the plaintiffs in *In re JPMorgan Chase & Co.* "represented that they did not intend to contest the validity or enforceability of [the arbitration] agreements." 916 F.3d at 498.

*Velasquez v. WCA Mgmt. Co., L.P.*, No. 4:15-cv-02329, 2017 WL 1405078, at *3 (S.D. Tex. Apr. 20, 2017); *Alverson v. BL Rest. Operations LLC*, No. 5:16-cv-00849OLGRBF, 2018 WL 1618341, at *6 (W.D. Tex. Apr. 3, 2018) (defendant's concerns in its request for certification of an interlocutory appeal take issue with the propriety of proceeding as a collective action, which could be addressed much sooner than after final judgment by a motion to decertify). This opportunity is built into the two-stage certification process under the FLSA.

Moreover, in its myopic focus on the potential opt-in plaintiffs with arbitration agreements, Facebook ignores the fact that appeal would significantly delay resolution of the claims of the Named Plaintiff and potential opt-in plaintiffs who are indisputably not subject to arbitration agreements and whose claims would not be affected by Facebook's requested interlocutory appeal.

An immediate appeal is certain to delay the proceeding for at least several months, causing this litigation to become more protracted and expensive. It will not obviate the need for merits discovery or decertification motion practice. *See Alverson*, 2018 WL 1618341 at *3 ("an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings") (internal quotation omitted). The only potential benefit to Facebook is that it may achieve its goal of preventing notice to certain workers who may ultimately be dismissed from the case. Yet this is true in every collective action where, as in *Comer*, the dispute concerns the size and nature of the representative group. As a result, Facebook cannot demonstrate how a ruling on appeal on the discrete certified issue would sufficiently expedite the resolution of the case as a whole, and its motion should be denied.

B.  **A Stay of These Proceedings Is Not Warranted.**

As set forth above, Facebook cannot satisfy the criteria for § 1292(b) certification, and thus a stay is not warranted and notice must issue to the individuals authorized by the Court. Moreover,

should Facebook pursue the extraordinary remedy of petitioning for a writ of mandamus – even if Facebook agrees to toll the statute of limitations – putative class members who did not sign arbitration agreements, and therefore are not subject to dispute, should receive the benefit of notice of their right to join this action. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) ("Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy.").

### III. CONCLUSION

Appellate review under § 1292(b) is not warranted in this matter because the Court's decision conditionally certifying the collective action is a temporary and discretionary decision based on the facts and circumstances of the case, and appeal at this time would not materially advance the litigation. Therefore, for the reasons set forth above, Facebook's motion should be denied in its entirety.

Dated: April 8, 2019                                         Respectfully Submitted,

                                                            */s/ Teresa M. Becvar*

                                                            Ryan F. Stephan
                                                            Teresa M. Becvar
                                                            STEPHAN ZOURAS, LLP
                                                            100 N Riverside Plaza
                                                            Suite 2150
                                                            Chicago, IL 60606
                                                            (312) 233-1550
                                                            rstephan@stephanzouras.com
                                                            tbecvar@stephanzouras.com

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on April 8, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

    /s/ Teresa M. Becvar