**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SUSIE BIGGER, on behalf of herself,** | ) | |
| **individually, and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 1:17-cv-7753** |
| | ) | |
| **v.** | ) | **Judge Harry D. Leinenweber** |
| | ) | |
| **FACEBOOK, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**FACEBOOK'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR STAY**
**AND MOTION TO CERTIFY §1292(B) INTERLOCUTORY APPEAL**

This case presents precisely the type of issue appropriate for interlocutory review under

Section 1292(b). The question that Facebook seeks to have certified for appeal is a pure question

of law: whether the Fair Labor Standards Act empowers a district court to order notice of a

pending collective action to be sent to employees who have waived their rights to participate in

the collective action in arbitration agreements governed by the Federal Arbitration Act. This

issue is precisely the type of controlling question of law that can be (and has been) certified for

interlocutory appeal pursuant to 29 U.S.C. § 1292(b). Plaintiff ignores that *Hoffmann-La Roche*

*Inc. v. Sperling*, 493 U.S. 165 (1989), the seminal Supreme Court case that describes a district

court's discretion to facilitate Section 216(b) notice, reached the Supreme Court on an

interlocutory appeal pursuant to Section 1292(b). *Hoffmann-La Roche*, 493 U.S. at

169 (1989).[1] And just two months ago, the Fifth Circuit in *In re JP Morgan Chase & Co.*, 916

---

[1] The specific question presented, certified by the Third Circuit, and ultimately by the Supreme
Court, was whether, in a case governed by 29 U.S.C. § 216(b), "the district court possess[es] the

F.3d 494 (5th Cir. 2019), granted interlocutory relief from a district court's decision on FLSA notice. Plaintiff relegates this case to a footnote.

Plaintiff's understanding of Section 1292(b) is flawed. Plaintiff erroneously claims that "at least two federal circuits have held that orders conditionally certifying an FLSA collective action are inappropriate for interlocutory review" and then only cites to one case which *did not* deal with interlocutory appeal pursuant to Section 1292(b). *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 549 (6th Cir. 2006) had a legally distinct avenue for appeal—collateral order review. Facebook does not seek collateral review here (nor can it, as an order on conditional certification cannot be treated as a final determination on the merits).

For the reasons set forth below, and in Facebook's opening brief, this case should be certified for interlocutory appeal pursuant to Section 1292(b).

## I.      This is A Controlling Question of Law

Plaintiff's arguments that Facebook's motion does not present a "controlling question of law" reflect a complete misunderstanding about Section 1292(b). Plaintiff argues that the "controlling question of law" element is not met because the conditional certification order is "temporary" and "provisional" in nature. But that has no bearing on whether the issue presents a pure legal question for the appellate court. And here, appellate review would not require delving into the factual record. The arbitration agreements here are unchallenged and presumptively valid in light of the Supreme Court's holding in *Epic Systems*. Indeed, Plaintiff still does not challenge the enforceability of the MAAs even in her opposition to this very Motion. Moreover, Plaintiff

---

authority to facilitate notice of the action to ... persons who have not yet filed consents to join the action." *Sperling v. Hoffman-La Roche Inc.*, 862 F.2d 439, 440 (3d Cir. 1988), *aff'd and remanded sub nom.*

LEGAL\40653104\1

makes the unsupported leap to argue that, simply because the conditional certification decision is "discretionary," it is also somehow factual—or a "mixed question of law and fact." But that is not the case here. The extent of a district court's authority in ordering notice to be sent to a conditionally certified collective comprised of employees with presumptively valid arbitration agreements presents no factual issues for appellate review.

In any event, this very Court has acknowledged that Section 1292(b) relief may be appropriate even for questions that are not "purely" legal:

> This issue is a question of law because it concerns the interplay of a statute and a constitutional provision. It may not be a "pure" legal question because the constitutional challenge is to the statute as-applied, so to some extent the answer depends on the actions that Defendant is alleged to have taken. But as with the first issue, this is an appropriate question for Defendant to pursue in a § 1292(b) appeal because it is one that "the court of appeals could decide quickly and cleanly without having to study the record."

*Dahlstrom v. Sun-Times Media, LLC,* 39 F. Supp. 3d 998, 1003 (N.D. Ill. 2014) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)). And as Plaintiff's own cases demonstrate, a question is a controlling one if its resolution has precedential value for a large number of cases. *See Ahrenholz*, 219 F.3d at 675; *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985).

Plaintiff also tries to argue that the question is not "legal" because it is not completely dispositive of the case. This, again, misunderstands the purpose of Section 1292(b), which is to provide an appellate route for orders that, while not final and dispositive of the case in its entirety, deal with controlling issues of law that will otherwise advance the proceedings. And this very court has certified interlocutory orders that are far from final decisions on the merits pursuant to Section 1292(b). *E.g., In re Stoecker,* 117 B.R. 342 (N.D.Ill. 1990) (Leinenweber, J.)

LEGAL\40653104\1

Plaintiff's reliance on an unreported case from the Eastern District of Pennsylvania, *Pereira v. Foot Locker, Inc.,* 2010 WL 3000027 (E.D. Pa. Jan. 25, 2010), is unavailing. *Pereira* does not speak to this issue. Instead, in that case, the court held that the "similarly situated" inquiry for a putative class was not usually a controlling question of law appropriate for interlocutory appeal. *Pereira* does not stand for the proposition that Section 1292(b) relief is never appropriate from an order granting conditional certification; and, indeed, that case acknowledged that there can be "unique" circumstances "where class certification involves other overriding legal issues, interlocutory appeal may be appropriate." *Pereira*, 2010 WL 3000027, at *4.

## II.     Plaintiff Does not Dispute That the Question is Subject to a Difference of Opinion

Plaintiff does not dispute that the question presented is subject to a difference of opinion. Nor can she, given the discordant rulings issued by district courts in this very district on this precise topic, literally within days of each other. Given the importance of the issue and frequency that it is arising (particularly in the wake of *Epic Systems*), the question that Facebook seeks to certify for interlocutory appeal is precisely the type of "exceptional" issue for which interlocutory appeal is appropriate.

## III.    Resolution of This Issue Will Advance the Proceedings

Finally, there is no question that resolving this question now will obviate the need for protracted and expensive litigation and avoid the risk of improperly stirring up litigation. Facebook estimates that 78% of the conditionally certified collective cannot be part of this lawsuit because they have entered into MAAs. (*See* Ex. 1, April 8, 2019 Declaration of Nicolle Hickman.) And Plaintiff's opposition to the instant motion is yet another filing in which she made no effort whatsoever to demonstrate, or even argue, that the MAAs are invalid or unenforceable. Thus, the MAAs should be treated as valid and parties to such agreements should

4

not be treated as potential plaintiffs. If notice were to be sent to the hundreds of CSMs with MAAs who are not potential plaintiffs, the next phase of this case would inevitably entail extensive motion practice. To exclude the CSMs who do not belong in the collective because of their MAAs, Facebook would need to file potentially hundreds of motions to compel arbitration. Mini-trials would ensue. That entire process would be lengthy, expensive, and invasive. And it would be the antithesis of the efficiencies an FLSA collective action are intended to create. But all this can be avoided if Facebook is successful on appeal.

Plaintiff's only response is that an appeal will take several months to be resolved. But the *speculative* length of the appeal cannot possibly be relevant to the appropriateness of an interlocutory appeal. Otherwise interlocutors appeals could never be granted. Section 1292(b) is concerned with facilitating efficient *district court* proceedings. If Plaintiff is correct that any delay caused by waiting for resolution of appeal weighs against this factor, then no appellant could ever satisfy this prong of the analysis—every appeal takes some time to be heard. Nor does certifying the question for appeal in any way prejudice the collective that is ultimately certified because the statute of limitations will presumably be tolled during the pendency of the appeal. On the other hand, if this matter is not resolved by the Seventh Circuit on interlocutory appeal, the proceeding will be lengthier, more complex, far costlier, and more burdensome on the Court and the parties.

## CONCLUSION

For the reasons set forth herein and in Facebook's opening memorandum of law, Facebook respectfully requests that this Court certify the March 22, 2019 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

By: */s/ Anneliese Wermuth*
   One of the Attorneys for Defendant,
   Facebook, Inc.


Anneliese Wermuth, ARDC No. 6270970
Jason E. Barsanti, ARDC No. 6289014
Jenny R. Goltz, ARDC No. 6290036
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
312-474-7900
312-474-7898
awermuth@cozen.com
jbarsanti@cozen.com
jgoltz@cozen.com
*Counsel for Defendant Facebook, Inc.*

6

# **<u>EXHIBIT 1</u>**

LEGAL\40653104\1

## DECLARATION OF NICOLLE HICKMAN

I, Nicolle Hickman, hereby declare as follows:

1.      I am employed by Facebook, Inc. ("Facebook") as a Human Resources ("HR") Programs Director for Global Marketing Solutions ("GMS").

2.      I make this declaration based on personal knowledge and based upon documents and records kept in the regular course of business to which I have access by virtue of my position with Facebook.

3.      If called upon as a witness in this matter I could completely testify to the matters contained herein.

4.      I have been employed by Facebook since September of 2011, first as an HR Business Partner before I transitioned into my current role as a Human Resources Programs Director for Global Marketing Solutions.

5.      As explained in my Declaration dated December 6, 2018, in approximately November 2013 Facebook began offering mutual arbitration agreements and collective action waivers to all newly-hired CSMs during the onboarding process.   (*See Bigger v. Facebook,* N.D.Ill. Case No. 1:17-cv-7753, Dkt. 54-1, Declaration of Nicolle Hickman ("December 2018 Declaration"), at ¶¶ 5-6, Exs. A and B.)

6.      Based on Facebook's human resources data, to which I have access by virtue of my position, and based on the collective definition set forth in the court's March 22, 2019 Order, at least 336 of the 428 CSMs employed at IC levels 3 or 4 between November 29,

2015 and the present have executed either the Mutual Arbitration Agreement and Class Action Waiver (Exhibit "A" to Hickman Dec.) or the Mutual Arbitration Agreement (Exhibit "B" to Hickman Dec.). This is approximately 78% of the CSMs employed at IC levels 3 or 4 between November 29, 2015 and the present.

      7.    On October 11, 2018 Plaintiff Susie Bigger's lawyer took my deposition. Plaintiff's attorney spent more than six hours deposing me, inclusive of breaks. He did not ask me any questions about the formation of or the terms of the mutual arbitration agreements attached as Exhibits A and B, respectively, to my December 2018 Declaration.

      Under the laws of the United States and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/8/2019

Nicolle Hickman

Executed at: Austin, TX

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing *Reply in Support of its Emergency*

*Motion for Stay and Motion to Certify §1292(B) Interlocutory Appeal* was electronically filed

with the Clerk of Court using the CM/ECF system and served upon the attorneys shown below

by transmittal of a Notice of Electronic Filing:

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Ste. 2150
Chicago, IL 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

This 8th day of April, 2019.

*/s/ Jenny Goltz*
Jenny Goltz

8