THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SUSIE BIGGER**, on behalf of herself, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**FACEBOOK, INC.**,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:17-cv-7753<br>)<br>) Judge Harry D. Leinenweber<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO CLARIFY
THE APRIL 9, 2019 DOCKET ENTRY AND ORDER**

Plaintiff, by and through her undersigned counsel, respectfully moves the Court to clarify its April 9, 2019 Docket Entry and Order regarding Facebook's Corrected Emergency Motion for Stay and Motion to Certify § 1292(b) Interlocutory Appeal.

In support of her motion, Plaintiff states as follows:

1.      In its April 9 Order, the Court granted Facebook's Corrected Emergency Motion for Stay and Motion to Certify § 1292(b) Interlocutory Appeal (ECF No. 68) and stayed the case until the interlocutory appeal is complete. ECF No. 75. The Order also tolled the statute of limitations for the members of the conditionally certified class pending the outcome of the interlocutory appeal, by agreement of the parties. *Id.*

2.      Facebook's motion sought to certify for interlocutory appeal the question of "whether district courts have discretion to order that notice of a pending FLSA collective action be sent employees who, the preponderance of evidence shows, are unable to join because they are parties to binding arbitration agreements with collective action waivers." ECF No. 68 at 1.

3. It is undisputed that there are members of the conditionally certified class who, like Plaintiff, did not sign arbitration agreements and are therefore not subject to Facebook's forthcoming appeal. Facebook has represented that these individuals comprise approximately 22% of the conditionally certified class. *See* ECF No. 68 at 2.

4. Plaintiff requests the Court to lift the stay for the narrow purpose of allowing notice to issue to the members of the conditionally certified class whose status will not be affected by the issue on appellate review.

5. Moreover, although there is a tolling order, the passage of time during appeal will nevertheless compound the difficulty in effectuating notice to these individuals due to evolving life circumstances, such as a change in employment status, name, or home address. Proceeding with notice to these employees while the appeal is pending will conserve time and promote efficiency and judicial economy and will eliminate any prejudice these individuals may suffer from a delay in receiving notice of the pending collective action.

WHEREFORE, Plaintiff respectfully requests that the Court clarify its April 9, 2019 Docket Entry and Order and lift the stay to allow notice to issue to the members of the conditionally certified class who did not sign arbitration agreements.

Dated: April 11, 2019

Respectfully Submitted,

*/s/ Teresa M. Becvar*
Ryan F. Stephan
Teresa M. Becvar
STEPHAN ZOURAS, LLP
100 N Riverside Plaza
Suite 2150
Chicago, IL 60606
(312) 233-1550
rstephan@stephanzouras.com
tbecvar@stephanzouras.com

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on April 11, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Teresa M. Becvar*