THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SUSIE BIGGER**, on behalf of herself, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **FACEBOOK, INC.,** <br><br> Defendant. | Case No. 1:17-cv-7753 <br><br> Judge Harry D. Leinenweber |

**FACEBOOK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
"MOTION TO CLARIFY" APRIL 9, 2019 DOCKET ENTRY AND ORDER**

Plaintiff's Motion to Clarify[1] the April 9, 2019 Docket Entry and Order should be denied because the relief requested therein is contrary to Seventh Circuit law, and the Order at issue does not need clarification.

On April 9, 2019, the Court clearly and unequivocally ruled that its March 22, 2019 Order (Dkt. #64), granting conditional certification pursuant to 29 U.S.C. § 216(b) and permitting notice to putative members of the collective, warranted immediate appeal pursuant to 28 U.S.C. §1292, and that "[t]he case is stayed until the interlocutory appeal is complete." Dkt. #75 (the "April 9 Order"). Plaintiff now purportedly seeks "clarification" of the April 9 Order,

---

[1] It is not even clear under what procedural mechanism Plaintiff brings her motion. *Barton v. Uniserv Corp.*, No. 15 CV 4149, 2016 WL 4577033, at *3 (N.D. Ill. Aug. 30, 2016) (Federal Rules of Civil Procedure do not expressly authorize "motion for clarification").

LEGAL\40719230\1

asking the Court to modify the stay to allow her to send notice of the collective action to individuals who are not subject to arbitration agreements.

The April 9 Order is clear and Plaintiff's "Motion to Clarify" does not actually seek clarification of any piece of it. Indeed, in the very first paragraph of her "Motion to Clarify" Plaintiff concedes that the Court's Order stayed the case pending resolution of the interlocutory appeal. The language in the April 9 Order is not susceptible to more than one meaning, and all parties understand its affect: this case is stayed until resolution of the interlocutory appeal. This motion is, in reality, one for reconsideration and/or to modify order in disguise. Dkt. 76 at 2 ("Plaintiff *requests the Court to lift the stay* for the narrow purpose of allowing notice to issue to the members of the conditionally certified class whose status will not be affected by the issue on appellate review.") (emphasis added).

Plaintiff clearly had the opportunity to address this issue prior to the entry of the April 9 Order but did not do so. At no point in response to Facebook's Motion to Certify Interlocutory Appeal and to Stay – either in Plaintiff's written response or during two separate motion hearings – did Plaintiff argue that those putative class members without arbitration agreements should be permitted to receive notice pending resolution of any interlocutory appeal. This belated attempt at a second bite at the apple by seeking "clarification" of an issue that she had the opportunity to raise earlier constitutes a waste of judicial resources.

Finally, Plaintiff's request to limit the scope of the interlocutory appeal is not permitted under clear Seventh Circuit law: "an appeal under §1292 brings up the whole certified order… rather than just the legal issue that led to certification." *United Airlines, Inc. v. Mesa Airlines, Inc.,* 219 F.3d 605, 609 (7th Cir. 2000) (citing *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 204–05, 116 S. Ct. 619, 133 L. Ed.2d 578 (1996); *Edwardsville National Bank & Trust Co. v.*

*Marion Laboratories, Inc.*, 808 F.2d 648, 650–51 (7th Cir.1987)). Because the Court certified the *Order* for interlocutory appeal, which is now pending before the Seventh Circuit, the full stay was absolutely proper and Plaintiff's Motion must be denied.[2]

## CONCLUSION

For these reasons, Facebook respectfully requests that this Court deny Plaintiff's Motion to Clarify the April 9, 2019 Docket Entry and Order and grant any other such relief to which it may be entitled.

By: */s/ Anneliese Wermuth*
One of the Attorneys for Defendant, Facebook, Inc.

Anneliese Wermuth, ARDC No. 6270970
Jason E. Barsanti, ARDC No. 6289014
Jenny R. Goltz, ARDC No. 6290036
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
312-474-7900
312-474-7898
awermuth@cozen.com
jbarsanti@cozen.com
jgoltz@cozen.com
*Counsel for Defendant Facebook, Inc.*

---

[2] *See Yamaha Motor Corp., U.S.A.*, 516 U.S. at 204 (1996)("…can the courts of appeals exercise jurisdiction over any question that is included within the order that contains the controlling question of law identified by the district court? The answer to that question, we are satisfied, is yes.")(internal citation omitted).

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing *Response to Plaintiff's Motion to Clarify the April 9, 2019 Docket Entry and Order* was electronically filed with the Clerk of Court using the CM/ECF system and served upon the attorneys shown below by transmittal of a Notice of Electronic Filing:

> Ryan F. Stephan
> James B. Zouras
> Teresa M. Becvar
> STEPHAN ZOURAS, LLP
> 205 N. Michigan Ave., Suite 2560
> Chicago, IL 60601
> rstephan@stephanzouras.com
> jzouras@stephanzouras.com
> tbecvar@stephanzouras.com

This 15th day of April, 2019.

*Anneliese Wermuth*
Anneliese Wermuth