THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSIE BIGGER, on behalf of herself, individually, and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Case No. 1:17-cv-7753 |
| v. ) | Judge Harry D. Leinenweber |
| FACEBOOK, INC., ) ) | |
| Defendant. ) ) | |

**ORDER CERTIFYING APPEAL UNDER SECTION 1292(B)**

Having considered Defendant's Motion for Stay and Motion to Certify § 1292(b) Interlocutory Appeal (Dkt. No. 65) and Plaintiff's response, the Court finds that its March 22, 2019 Order (Dkt. No. 64) satisfies the criteria for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The Court certifies the following question of law: whether district courts have discretion to order that notice of a conditionally certified FLSA collective action be sent to employees who, the preponderance of evidence shows, are unable to join because they are parties to binding arbitration agreements with collective action waivers.

This is a pure question of law with substantial grounds for difference of opinion. The issue is complex, requiring reconciliation of two important federal statutes (the Fair Labor Standards Act and the Federal Arbitration Act) and Supreme Court decisions on those statutes, and it is unsettled. The Fifth Circuit is the only court of appeal to have provided guidance on this question. That court held that when a preponderance of the evidence shows that an employee has entered

into a valid arbitration agreement, a district court should not order notice of a conditionally certified FLSA collective action to be sent to that employee. *See In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 (5th Cir. 2019). Since that decision, district courts in the Northern District of Illinois have disagreed on the issue. *See Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18-C-4871, (N.D. Ill. Mar. 20, 2019).

Certifying the Order for interlocutory appeal will materially advance the litigation. If individuals subject to an arbitration agreement are not eligible to receive notice of the conditionally certified collective action, the scope of the issues for this Court to determine at the decertification stage will be significantly narrowed, and the number of plaintiffs will likely be dramatically decreased.

Therefore, the March 22, 2019 Order (Dkt. No. 64) involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order will materially advance the ultimate termination of the litigation.

4/17/2019
Date

_____
The Honorable Harry D. Leinenweber
United States District Judge